Richard S. Amador (SBN 137417)
  amador@sanchez-amador.com
Patricia Arias Musitano (SBN 197662)
  musitano@sanchez-amador.com
Brittaney D. de la Torre (SBN 318150)
  delatorre@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant Government Employees Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WHITE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland Corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. **'23CV2314 AJB KSC**<br><br>**DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)**<br><br>[San Diego County Superior Court Case No. 37-2023-00048383-CU-WT-CTL] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

Pursuant to 28 U.S.C. §§ 1332, 1367, and 1441, Defendant Government Employees Insurance Company (hereinafter referred to as "GEICO") hereby removes the above-captioned action from the Superior Court of California, County of San Diego, to the United States District Court, Southern District of California, Central Division. The grounds for removal is complete diversity of citizenship, as fully stated below.

**PROCEDURAL BACKGROUND**

1. On or about November 1, 2023, Plaintiff William White filed an action in the Superior Court of California, County of San Diego, Case No. 37-2023-00048383-CU-WT-CTL entitled *WILLIAM WHITE, an individual; Plaintiff, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland Corporation; and DOES 1 through 10, inclusive; Defendant* (the "State Court Action"). On December 18, 2023, GEICO filed its Answer to Complaint. (**Exhibit 1,** Notice of Acknowledgement of Receipt, Summons, Complaint, Notice of Case Management Conference, related case documents, Notice of Acknowledgment of Receipt executed December 12, 2023, and GEICO's Answer).

2. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on GEICO or filed by GEICO are attached hereto as **Exhibit 1**. No other process, pleadings or papers have been filed in said action and no further proceedings have been had.

3. Defendants "DOES 1 through 10, inclusive" have not been identified, nor is there any record of an amendment naming them or their having been served with the Summons or the Complaint in the State Court Action.

4. Plaintiff asserts nine causes of action in the State Court Action against GEICO, his former employer, for: (1) Disability Discrimination [Gov't Code § 12900 et seq.]; (2) Retaliation for Filing Workers' Compensation Claim [Labor Code § 132a]; (3) Retaliation for Requesting Accommodation [Gov't Code § 12940(m)]; (4) Failure to Engage in the Interactive Process [Gov't Code § 12940(n)]; (5) Age Discrimination [Gov't Code § 12941]; (6) Failure to Prevent Unlawful Discrimination, Harassment, and Retaliation [Gov. Code §12940(k)]; (7) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]; (8) Wrongful Termination in Violation of Public Policy [Cal. Lab. Code §1102.5]; (9) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203].

## TIMELINESS OF REMOVAL

5. On November 20, 2023, CT Corporation System, GEICO's agent for service of process, received by certified mail with a Notice of Acknowledgement of Receipt, the Summons, Complaint, Notice of Case Management Conference, and related case documents. (Declaration of Christine L. Cedar in Support of Notice of Removal (hereinafter "Cedar Decl."), at ¶ 3, **Exhibit 2**.)

6. This Notice of Removal was filed within (30) days after GEICO was provided with a copy of the Complaint upon which this action is based. (*Id.*) *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352 (1999) (service of process is the official trigger for responsive action by a named defendant). This Notice of Removal is therefore timely filed as required by 28 U.S.C. § 1446(b), having been accomplished within 30 days of the date GEICO received the State Court Action on November 20, 2023, and within one year of the date the State Court Action was filed on November 1, 2023. (Exh. 1, Compl.; Cedar Decl., at ¶ 3, Exh. 2.)

## DIVERSITY JURISDICTION

7. **Basis of Original Jurisdiction**. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570 (2004). GEICO is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by GEICO pursuant to the provisions of 28 U.S.C. § 1441(b), because: (1) it is a civil action between citizens of different states, as Plaintiff is a citizen of California, and GEICO is a citizen of Maryland and Nebraska; and (2) it involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

8. **Plaintiff's Citizenship**. Plaintiff is a citizen of California, domiciled and residing in the State of California since 2001. (Exh. 1, Compl., at ¶¶ 15, 18, 21;

Cedar Decl., at ¶ 7, **Exhibit 3** Application, ¶ 9, **Exhibit 4** Demand, and ¶¶ 10, 12.) In his job application in 2001, Plaintiff represented that he is a U.S. Citizen and moved to San Diego, California from Michigan in 1997. (Cedar Decl., at ¶ 7, Exh. 3.) He was employed in GEICO's San Diego office in San Diego County, California. (Exh. 1, Compl., at ¶ 15.) He alleges in his demand letter that he resides in Ramona, California and planned to remain employed at this position in San Diego for nine more years until his planned retirement. (Cedar Decl., at ¶ 9, Exh. 4, ¶ 10.) This is the last known address for Plaintiff. (Cedar Decl., at ¶ 12.)

9. **Defendant GEICO's Citizenship.** Pursuant to 28 United States Code § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010).

10. GEICO, a corporation, was at the time of the filing of this action, and still is, a citizen of Nebraska and Maryland, having been incorporated under the laws of the State of Nebraska, with its principal office in Omaha, Nebraska, and its corporate headquarters in Chevy Chase, Maryland. (Cedar Decl., at ¶ 2.) Accordingly, GEICO is now, and was at all material times, a citizen of a state other than California within the meaning of 28 U.S.C. §1332(c).

11. **Doe Defendants Are Disregarded for Purposes of Removal**. Pursuant to 28 U.S.C. Section 1441, the citizenship of defendants sued under fictitious names shall be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. 28 U.S.C. § 1441(b)(1). Thus, the existence of Doe defendants 1 through 10, inclusive, does not deprive this Court of jurisdiction.

///

///

12. **Amount in Controversy.** The amount in controversy in this civil action exceeds $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014). GEICO can establish the amount in controversy by demonstrating that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A single plaintiff may aggregate all claims against a single defendant to meet the minimum jurisdictional requirement. *Bank of Calif. Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

13. Settlement demand letters are admissible to establish the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (Federal Rule of Evidence 408 does not disallow reliance on settlement letters to assess amount in controversy.), *citing, Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded [the jurisdictional minimum], it is 'apparent' that removal was proper."); *see, e.g., Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1108 (S.D. Cal. 2003) ("a court may rely solely upon a settlement letter in determining the amount in controversy if the letter appears to reflect a reasonable estimate of the plaintiff's claim."), *citing*, *Cohn, supra,* 281 F.3d at 839-840; *Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012) (The fact that the amount in controversy exceeds $75,000 became apparent when Defendant received settlement letter seeking $200,000.)

14. GEICO received two separate demand letters from Plaintiff. First, Plaintiff sent GEICO a demand letter dated February 15, 2023, setting forth his alleged damages. (Cedar Decl., at ¶ 9, Exh. 4.) In this letter, Plaintiff's calculation of damages reflects that he seeks a total of "$869,806.15," not including general damages, attorneys' fees, and punitive damages. (*Id.*) Plaintiff's demand of

$869,806.15 is comprised of separately calculated amounts for lost wages, future lost wages, lost retirement contributions, future lost retirement benefits, and other economic damages. (*Id.*)

15. On or around July 20, 2023, Plaintiff's counsel, Vincent P. Sorrentino, sent a demand letter to GEICO. (Cedar Decl., at ¶ 11, Exh. 5.) In this second letter, Plaintiff seeks "economic damages in the amount of $800,000," not including general damages, attorneys' fees, and punitive damages. (*Id.*) Plaintiff's demand of $800,000 is comprised of separately calculated amounts for lost wages, future lost wages, lost retirement contributions, future lost retirement benefits, and other economic damages. (*Id.*) Plaintiff also seeks damages for emotional distress, and indicates Plaintiff was "forced" into early retirement. (*Id.*) In total, Plaintiff demands $1,500,000 in damages. (*Id.*) Accordingly, Plaintiff's damages calculation establishes that the amount in controversy significantly exceeds $75,000.

16. **Lost Wages**. Plaintiff's Complaint seeks lost wages. (Exh. 1, Compl., at ¶¶ 42, 92, and Prayer.) At Plaintiff's hourly rate of $34.42, Plaintiff would have earned approximately $71,593 a year and approximately $5,966 a month. (Cedar Decl., at ¶ 8.) Plaintiff alleges termination on or about February 3, 2023. (Exh. 1, Compl., at ¶ 39.) At this time, Plaintiff's alleged lost wages claim alone will amount to approximately $62,570 without interest. (Cedar Decl., at ¶ 8.)

17. **Waiting Time Penalties**. Plaintiff seeks waiting time penalties for late payment of wages. (Exh. 1, Compl., at ¶¶ 107-113 and Prayer.) Further, Plaintiff alleges he is "entitled to recover from [GEICO] his additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203." (Exh. 1, Compl., at ¶ 112.) Plaintiff alleges that GEICO did not issue his final check until thirteen days after Plaintiff's separation. (Exh. 1, Compl., at ¶ 44.) At Plaintiff's hourly rate of $34.42, Plaintiff's alleged waiting time penalties amount to $3,579.68, further increasing the amount in controversy.

18. **Non-Economic Damages.** Plaintiff seeks non-economic damages for alleged emotional distress. (Exh. 1, Compl., at ¶¶ 43, 92, and Prayer.) Plaintiff's purported non-economic damages increase the amount in controversy further above the $75,000 threshold. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount.); *Simmons v. PCR Tech,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, *even though the lost wages at the time of removal were just $26,500*, because Plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA.)

19. **Attorneys' Fees**. Plaintiff also seeks to recover attorneys' fees. (Exh. 1, Compl., at ¶¶ 14, 46, 60, 87, 93, 106, 113, and Prayer.) Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory.) If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that Plaintiff could recover at least $30,000 in attorneys' fees, further increasing the amount in controversy. *See Mendez v. Wal-Mart Assocs., Inc.*, 2023 WL 2369894, at *3 (S.D. Cal. 2023) (finding that an appropriate and conservative estimate of attorneys' fees in this matter involving disability discrimination, retaliation, failure to accommodate and other violations under California's Fair Employment and Housing Act is $30,000.); *Tijerina v. Alaska Airlines, Inc.*, 2022 WL 3135913, at *9 (S.D. Cal. 2022) ("Although the attorneys' fees alone in the instant case could well exceed $75,000.00, the Court will adopt a conservative estimate of $30,000.00, a number that various district courts within the Ninth Circuit have utilized in assessing the amount in controversy in

5469363.3
7
DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S
NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)

similar matters."); *see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. 2015) (noting that recent estimates for the number of hours expended through trial for employment cases may reasonably be expected to equal at least $30,000.)

20. **Punitive Damages**. Additionally, Plaintiff seeks to recover punitive damages. (Ex, 1, Compl., at ¶¶ 47, 94, and Prayer.) Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also*, *Juarez v. Autozone Stores, Inc.*, JVR No. 1412040011 (S.D. Cal. 2014) (awarding $185,000 in punitive damages to plaintiff that prevailed on gender and pregnancy discrimination claims.); *Adams v. Home Depot*, JVR No. 801773 (S.D. Cal. 1997) ($1,200,000 punitive damages award in disability and sex discrimination case.); *Martinez v. Costco Wholesale Corp.*, JVR No. 2210070028 (S.D. Cal. 2022) ($150,000 punitive damages award in disability discrimination case.)

21. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, more likely than not exceeds $75,000.

22. **Venue**. Venue is proper in the Southern District of California because this district embraces the San Diego County Superior Court, the court in which this action is currently pending. 28 U.S.C. §1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. §1441(a) and is properly laid in the district embracing the place where the action is pending.)

23. **Conclusion**. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and GEICO is a citizen of Nebraska and Maryland. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and GEICO has properly removed the State Court Action to this Court.

1        24. This Notice of Removal will be promptly served on Plaintiff and filed
2  with the Clerk of the Superior Court of the State of California in and for the County
3  of San Diego.
4        WHEREFORE, GEICO prays that the State Court Action be removed from
5  the Superior Court of California, County of San Diego, to this Court.

DATED: December 19, 2023         SANCHEZ & AMADOR, LLP

*/s/ Patricia E. Musitano*

Richard S. Amador
Patricia Arias Musitano
Brittaney D. de la Torre
Attorneys for Defendant Government
Employees Insurance Company