'23 CV 2314 AJB KSC

EXHIBIT 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 332539 | FOR COURT USE ONLY |
|---|---|---|

NAME: Vincent P. Sorrentino
FIRM NAME: Sorrentino & Associates PC
STREET ADDRESS: 402 W Broadway, Ste. 2600
CITY: San Diego          STATE: CA      ZIP CODE: 92101
TELEPHONE NO.: 619.356.0603      FAX NO.: 619.317.0539
E-MAIL ADDRESS: vpsorrentino@bettercallvinnypaul.com
ATTORNEY FOR (Name): William White

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

Plaintiff/Petitioner: William White

Defendant/Respondent: Government Employees Insurance Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2023-00048383-CU-WT-CTL |
|---|---|

TO *(insert name of party being served):* Government Employees Insurance Company _____

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 11/14/2023

_Kenia Gurrola_
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other *(specify):*

    Notice of Case Assignment; Stipulation to Alternative Dispute Resolution Process SD; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

privacy, please press the Clear This Form button after y⟨⟩

[ Print this form ]  [ Save this form ]          [ Clear this form ]

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 332539 | FOR COURT USE ONLY |
|---|---|---|

NAME: Vincent P. Sorrentino
FIRM NAME: Sorrentino & Associates PC
STREET ADDRESS: 402 W Broadway, Ste. 2600
CITY: San Diego　　STATE: CA　　ZIP CODE: 92101
TELEPHONE NO.: 619.356.0603　　FAX NO.: 619.317.0539
E-MAIL ADDRESS: vpsorrentino@bettercallvinnypaul.com
ATTORNEY FOR (Name): William White

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

Plaintiff/Petitioner: William White
Defendant/Respondent: Government Employees Insurance Company

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 37-2023-00048383-CU-WT-CTL |
|---|---|

TO *(insert name of party being served):* Government Employees Insurance Company

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 11/14/2023

_____　　　　　　　▶　　_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

    Notice of Case Assignment; Stipulation to Alternative Dispute Resolution Process SD; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

*(To be completed by recipient):*

Date this form is signed: _____

_____　　　　　　▶
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　　　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

   

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Government Employees Insurance Company, a Maryland Corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

William White, an individual,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/13/2023** at 08:00:00 AM

Clerk of the Superior Court
By Gabriel Lopez,Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego,Central Division
330 W Broadway, San Diego, CA 92101

</td><td>

CASE NUMBER: *(Número del Caso):*
37-2023-00048383-CU-WT-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vincent P. Sorrentino, 402 W Braodway, Ste. 2600, San Diego, CA 92101, 619.356.0603

<table>
<tr><td>

DATE:
*(Fecha)*    **11/13/2023**

</td><td>

Clerk, by
*(Secretario)*
G. Lopez

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):*

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

**Page 1 of 1**

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

</td></tr>
</table>

privacy, please press the Clear This Form button after yo   Save this form 

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Vincent Paul Sorrentino (SBN 332539)<br>402 W Broadway, Ste. 2600<br>San Diego, CA 92101<br>TELEPHONE NO.: 619.356.0603  FAX NO. (Optional): 619.319.0539<br>ATTORNEY FOR (Name): William White | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**11/13/2023** at 08:00:00 AM<br>Clerk of the Superior Court<br>By Gabriel Lopez, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Diego 92101 | |
| BRANCH NAME: Central Division | |

| CASE NAME:<br>William White v. Government Employees Insurance Company | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2023-00048383-CU-WT-CTL<br>JUDGE: Gregory W Pollack<br>DEPT.: C-71 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/28/2023

Vincent P. Sorrentino
_____ ▶ _____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

Vincent P. Sorrentino (332539)
SORRENTINO & ASSOCIATES PC
402 W. Broadway, Suite 2600
San Diego, CA  92101
T: (619) 356-0603
F: (619) 317-0539
E: VPSorrentino@BetterCallVinnyPaul.com

Attorneys for Plaintiff
William White

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/01/2023** at 09:48:25 AM

Clerk of the Superior Court
By Danielle Cortez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL

| | |
|---|---|
| William White, an individual, | Case No.:  37-2023-00048383-CU-WT-CTL |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. Disability Discrimination [Gov't Code § 12900 et seq.]; |
| Government Employees Insurance Company, a Maryland Corporation; and DOES 1 through 10, inclusive, | 2. Retaliation for Filing Workers' Compensation Claim [Labor Code § 132a]; |
| Defendants. | 3. Retaliation for Requesting Accommodation [Gov't Code § 12940(m)]; |
| | 4. Failure to Engage in the Interactive Process [Gov't Code § 12940(n)]; |
| | 5. Age Discrimination [Gov't Code § 12941]; |
| | 6. Failure to Prevent Unlawful Discrimination, Harassment, and Retaliation [Gov. Code § 12940(k)]; |
| | 7. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]; |
| | 8. Wrongful Termination in Violation of Public Policy [Cal. Lab. Code §1102.5]; and |
| | 9. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]. |
| | **DEMAND FOR JURY TRIAL** |

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................................................................... 2

INTRODUCTION & PRELIMINARY STATEMENT ........................................................................................................... 3

THE PARTIES ................................................................................................................................................................. 4

JURISDICTION, VENUE, AND RIGHT TO SUE ............................................................................................................... 5

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ............................................................................................... 5

FIRST CAUSE OF ACTION ............................................................................................................................................. 8

SECOND CAUSE OF ACTION ........................................................................................................................................ 9

THIRD CAUSE OF ACTION .......................................................................................................................................... 10

FOURTH CAUSE OF ACTION ...................................................................................................................................... 10

FIFTH CAUSE OF ACTION ........................................................................................................................................... 11

SIXTH CAUSE OF ACTION .......................................................................................................................................... 12

SEVENTH CAUSE OF ACTION ..................................................................................................................................... 13

EIGHTH CAUSE OF ACTION ....................................................................................................................................... 14

NINTH CAUSE OF ACTION ......................................................................................................................................... 14

PRAYER FOR RELIEF ................................................................................................................................................... 16

DEMAND FOR JURY TRIAL ......................................................................................................................................... 17

Plaintiff WILLIAM WHITE (*hereinafter "Plaintiff"*), based upon facts that either have evidentiary support, are based upon information and belief, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.    Plaintiff brings this action against Defendants Government Employees Insurance Company (commonly known as and hereinafter referred to as "GEICO"), his former employer, and DOES 1through 10, inclusive (*hereinafter collectively referred to as "Defendants"*) for violations of federal and state disability discrimination laws and wrongful termination. This case revolves around GEICO's failure to provide the accommodation required by law and its abrupt decision to end Mr. White's employ.

2.    Plaintiff worked at Defendants from October 8, 2001, until his termination on February 3, 2023, during which time he was promoted and acquired extensive knowledge of the company.

3.    Plaintiff developed multiple work-related injuries, including Trigger finger, Carpal Tunnel Syndrome, and debilitating arthritis in both thumbs.

4.    Despite clear indications of injury, Plaintiff faced significant obstacles in initiating the Workers' Compensation process, including unresponsiveness from the Defendants' nurse and delays in reporting his injuries.

5.    Defendants initially accommodated Plaintiff's restrictions, allowing him to work with 20 minutes of typing per hour after his injuries.

6.    Further evaluations led to slightly modified restrictions, but Defendants continued to accommodate Plaintiff's work limitations.

7.    Defendants unexpectedly refused to accommodate Mr. White's return to work after his first surgery, despite his ability to meet the restrictions.

8.    Throughout the process, Plaintiff received multiple restrictions and was cleared to return to work, but Defendants persistently refused to allow him to do so.

9.     Mr. White's total time off due to injury and treatment during a year and a half was 173 days, and he had sick time, vacation, and floating holiday pay to cover approximately 40 days.

10.     The requested accommodations were reasonable, as demonstrated by Defendants' previous actions, and did not substantially alter Plaintiff's job duties.

11.     Defendants informed Plaintiff that he had one year to recover but terminated his employment on December 6, 2022, citing his failure to return to work within this timeframe.

12.     Plaintiff had obtained physician letters allowing him to return to work with slight restrictions, which were provided to Defendants' HR when obtained.

13.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

14.     Plaintiff has exhausted his administrative remedies as required by obtaining a right to sue letter from the California Civil Rights Department on October 24, 2023, and thus is entitled to obtain recovery of attorneys' fees.

## THE PARTIES

15.     Plaintiff is, and at all times was, a resident of San Diego County, California. At all relevant times herein, Plaintiff was employed by Defendants in San Diego County, California

16.     Defendants at all relevant times had multiple locations operating in the County of San Diego including Poway.

17.     Plaintiff is ignorant of the true names and capacities of the defendants sued as DOES 1 through 10 and therefore sues those defendants by fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when they are ascertained.

## JURISDICTION, VENUE, AND RIGHT TO SUE

18.     Plaintiff WILLIAM WHITE is an individual residing in Poway, in the County of San Diego, State of California

19.     Defendant GEICO does business in the State of California, including Poway, in the County of San Diego, where Plaintiff was employed by Defendant GEICO.

20.     Furthermore, Defendants are registered with the Secretary of State for the State of California and have sufficient contacts with California or otherwise purposefully availed themselves of the benefits in the State, so as to render the exercise of jurisdiction over it by a California Court consistent with traditional notions of fair play and substantial justice.

21.     Venue is proper in this Court because Plaintiff suffered injuries and damages alleged herein in San Diego County, California. Defendants conducts business in, and/or work at, locations throughout San Diego County, or reside in San Diego County. Additionally, the wrongful acts and omissions alleged herein relating to Plaintiff took place in San Diego County.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22.     Plaintiff began his employment with Defendants on October 8, 2001 and worked there for 21 years, steadily advancing from the call center to adjuster in the Bodily Injury department, and ultimately to the position of Performance Review for Liability as an Auditor.

23.     During his 21-year tenure with Defendants, Plaintiff was offered positions by competitors with higher pay, which is indicative of his professional expertise and skills.

24.     While at Defendants, Plaintiff developed debilitating work-related injuries, including Trigger finger in his right middle finger, Carpal Tunnel Syndrome in both hands, and significant arthritis in both thumbs, causing subluxation of more than 30% in the right thumb and 20% in the left thumb. These conditions caused frequent dislocations and severe pain.

25.     Plaintiff initiated the workers' compensation process due to these health issues, which required multiple surgeries to address.

26.     However, the process of initiating a workers' compensation claim was marked by delays and a lack of responsiveness from Defendants' management. The company's nurse for workers' compensation claims initially did not take Plaintiffs complaints seriously.

27.     It took approximately four follow-up conversations with supervisors and managers before Plaintiffs workers' compensation claim was finally reported on July 27, 2021.

28.     After an initial evaluation in September 2021, Plaintiff was cleared to work with restrictions of 20 minutes of typing per hour, which Defendant readily accommodated.

29.     After a subsequent evaluation in October 2021, Plaintiff received and provided to GEICO another physician note with the same restrictions, which was again accommodated by GEICO.

30.     After his first surgery on November 8, 2021, Mr. White was kept off work until December 1, 2021 when he received and provided to GEICO a physician note with restrictions of 20 minutes of typing every 30 minutes (50% less restrictive than before with only 20 minutes per hour of non-typing work rather than 40 minutes).

31.     However, Defendants inexplicably refused to allow Plaintiff to return to work in December 2021.

32.     In January 2022, Plaintiff's received and provided to GEICO a physician note that again cut his restrictions by 50% to 25 minutes of typing every 30 minutes (i.e.with only 10 minutes of non-typing work required each hour rather than 20 minutes or the original 40 minutes).

33.     However, again, Defendant refused to allow his return to work.

34.     Throughout 2022, Plaintiff continued to receive physician notes, which were less restrictive than initially when GEICO accommodated Plaintiff's disability, with restrictions that would have allowed him to return to work, but Defendant consistently denied his requests to do so.

35.    During Plaintiff's entire career with GEICO, spanning 21 years, Plaintiff never typed for 25 minutes straight without a 5-minute break due to the work requirements which was mostly comprised of reviewing paperwork rather than typing notes regarding the review.

36.    Defendants did not offer alternative accommodations such as dictation software nor did they offer him alternative positions within the company such as property damage adjuster.

37.    Defendants did this due to the retirement package that had been offered to Plaintiff at his time of hire with his retirement imminently approaching. Defendants did not want to be obligated to pay the full amount of the retirement package promised to Plaintiff.

38.    Mr. Plaintiff took minimal time off during this period, only requiring leave for treatments and recovery, totaling 173 days over a year and a half.

39.    Defendants had accommodated Mr. White with similar or more restrictive typing limitations in 2021 but inexplicably chose to terminate his employment on February 3, 2023, stating that he had not recovered sufficiently to return to work, despite the reasonableness of the accommodations and the law's requirements.

40.    Plaintiff was terminated at the age of 56, with retirement age approaching, leaving him in a position where similar companies would only hire him at entry-level positions while still in recovery or consider reapplying to Defendants at the entry level when fully recovered.

41.    Subsequent to Plaintiff's termination from GEICO, Plaintiff's worker's compensation case was closed as well despite still being injured due to his career and work for GEICO.

42.    Defendants' refusal to provide reasonable accommodations was the basis for Plaintiff's termination, causing substantial economic damages, including loss of salary, retirement benefits, other benefits, and increased health insurance costs.

43.    Mr. White suffered emotional distress, anxiety, and panic as a result of his abrupt termination after 21 years of service and being forced to start over in his career.

7

44.    Defendants did not issue Plaintiff's final check until February 16, 2023.

45.    Plaintiff earned an hourly rate of $34.42 at the time of discharge and worked 8 hours per day.

46.    Plaintiff also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined.

47.    Defendants' conduct described herein was intended to cause injury. Defendants' conduct was willful and consciously disregarded Plaintiff's rights and subjected her to unjust hardship so as to constitute malice, oppression, or fraud under California Civil Code Section 3294, thereby entitling Plaintiff to punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants.

## FIRST CAUSE OF ACTION

### (Against all Defendants for Disability Discrimination – Gov't Code §§ 12940(a), 12940(j))

48.    Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

49.    Plaintiff, despite his dedicated 21-year tenure at Defendants', faced disability discrimination, resulting from his work-related injuries including Trigger finger, Carpal Tunnel Syndrome, and debilitating arthritis in both thumbs, which caused thumb subluxations.

50.    These conditions were acquired as a direct result of his employment at Defendants'.

51.    Plaintiff initiated the workers' compensation process to address these injuries in July 2021.

52.    Defendants initially accommodated Plaintiff's restrictions of 20 minutes of typing work per hour with 40 minutes of non-typing work per hour.

53.    Subsequently, when Plaintiff's restrictions were lessened, Defendants repeatedly failed to provide reasonable accommodations.

54.    These accommodations were legally required and reasonable, as they would not have altered the essential functions of Plaintiff's position.

55.    His job primarily involved non-typing tasks, and the limited typing required fell well within the restrictions imposed by Workers' Compensation physicians.

56.    Alternative technology, such as dictation software, was available and would have enabled Mr. White to fulfill his duties.

57.    Plaintiff's disability was a substantial motivating reason for the discrimination, refusal to provide or discuss accommodations, and other actions that led to the creation of the hostile work environment that resulted in Plaintiff's termination.

58.    Plaintiff was harmed and suffered damages, and Defendants' actions were a substantial factor in causing the same.

59.    This alleged disability discrimination violated federal and state laws.

60.    Plaintiff is entitled to attorneys' fees for these violations.

## SECOND CAUSE OF ACTION

**(Against all Defendants for Retaliation for Filing Workers' Compensation Claim (Lab. Code § 132a))**

61.    Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

62.    Plaintiff was injured on the job and due to his job duties.

63.    Plaintiff filed a workers' compensation claim.

64.    Plaintiff was not allowed to return to work with his restrictions despite them easily being able to be accommodated as proven by past actions and the job duties.

65.    Defendants terminated Plaintiff after and because of filing his workers' compensation claim and his claim was closed as a result of his termination.

66.    Plaintiff has been harmed as a direct result of Defendants' retaliation, which was a substantial factor of the harm.

### THIRD CAUSE OF ACTION

**(Against all Defendants for Retaliation for Requesting Accommodation (Gov't Code § 12940(m))**

67.    Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

68.    Plaintiff was injured on the job and as a result of his job duties.

69.    Plaintiff's injuries caused him to be disabled and require accommodation based upon his physician's notes.

70.    Plaintiff requested these accommodations from GEICO.

71.    GEICO refused to accommodate and retaliated against Plaintiff for requesting the accommodation as shown by subsequent refusals to accommodate, refusal to engage in the interactive process, refusal to reasonably provide information related to disability accommodations, and terminating Plaintiff.

72.    Plaintiff has been harmed as a direct result of Defendants' retaliation, which was a substantial factor of the harm.

### FOURTH CAUSE OF ACTION

**(Against all Defendants for Failure to Engage in the Interactive Process [Gov't Code § 12940(n))**

73.    Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

74.    Plaintiff requested reasonable accommodations for his disability so that he would be able to perform his essential job requirements including but not limited to requesting time off for treatment and recovery and mandated breaks for typing, all of which allowed him to perform his job duties, including the essential ones.

75.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform his essential job requirements and attempted to do so.

76.    Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

77.    Plaintiff was harmed and suffered damages, and Defendants' failure to engage in the interactive process was a substantial factor in causing the same.

## FIFTH CAUSE OF ACTION

### (Against all Defendants for Age Discrimination (Gov't Code § 12941))

78.    Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

79.    Defendants are a business organization availing themselves of the protections of and existing under the laws of the State of California subject to suit under the California Fair Employment and Housing Act, Government Code (FEHA) section 12900 et seq. in that defendant is an employer who regularly employs five or more persons.

80.    Plaintiff is a person who was 56 years old at the time of termination.

81.    On October 8, 2001, plaintiff was hired by defendants. At all times prior to termination, plaintiff's work was satisfactory.

82.    In fact, Plaintiff always received high marks for his performance and was continually promoted and given raises.

83.    On or about February 3, 2023, Plaintiff was terminated from employment when his retirement age was approaching.

84.    Plaintiff had been promised a retirement package that was much more extensive that Defendants provide subsequent to Plaintiff's hiring, and Defendant did not want to pay out the retirement

package.

85.     Defendants' discriminating action against Plaintiff is in violation of California Government Code section 12941.

86.     Plaintiff's age was a substantial motivating reason for the discrimination that resulted in Plaintiff's termination.

87.     Plaintiff is entitled to attorneys' fees for these violations.

88.     Plaintiff was harmed and suffered damages, and Defendants' actions were a substantial factor in causing the same.

## SIXTH CAUSE OF ACTION

**(Against All Defendants for W Failure to Prevent Unlawful Discrimination, Harassment, and Retaliation (Gov't Code § 12940(k))**

89.     Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

90.     Plaintiff was employed by Defendants, and Plaintiff was subjected to discrimination, harassment, and retaliation while employed by Defendants.

91.     Defendants failed to take all reasonable steps to prevent discrimination, harassment, and/or retaliation.

92.     Plaintiff was harmed, and Defendants' failure to prevent the discrimination, harassment, and/or retaliation was a substantial factor in causing Plaintiff harm. Such harm includes loss of earnings and employment benefits, humiliation, emotional distress, and mental pain and anguish all in an amount to be determined at trial according to proof, but not less than $1,000,000.00.

93.     Plaintiff also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined.

94.     Defendants' conduct described herein was intended to cause injury. Defendants' conduct

was willful and consciously disregarded Plaintiff's rights and subjected her to unjust hardship so as to constitute malice, oppression, or fraud under California Civil Code Section 3294, thereby entitling Plaintiff to punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants.

## SEVENTH CAUSE OF ACTION

**(Against All Defendants for Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.))**

95.     Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

96.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

97.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, to competitors, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

98.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

99.     By paying less to employees both through termination to cause closure of workers' compensation claims, termination to prevent full vesting of retirement benefits, termination during workers' compensation claims and disability to prevent being forced to pay for benefits including health/medical insurance, and other actions alleged herein, Defendants can charge less for their services causing patrons to patronize them over competitors resulting in competitors failing or considering breaking the law as well to keep up and so Defendants can retain more profit which is made by harming the public and its employees.

100.    A violation of California Business & Professions Code §§ 17200, et seq. may be predicated

on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, et seq.

## EIGHTH CAUSE OF ACTION

**(Against All Defendants for Wrongful Termination in violation of public policy (Cal. Lab. Code §1102.5))**

101.    Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

102.    Plaintiff was hired by Defendants on October 8, 2001, and worked for the defendants for 21 years.

103.    Plaintiff's employment was terminated by the Defendants on February 3, 2023.

104.    Defendants' termination of plaintiff's employment was a violation of public policy as it was based on discriminatory practices for age and/or disability.

105.    Plaintiff was harmed and suffered damages, and Defendants' wrongful termination in violation of public policy was a substantial factor in causing the same.

106.    Plaintiff is entitled to recover attorneys' fees for these violations.

## NINTH CAUSE OF ACTION

**(Against All Defendants for Failure to Pay Timely Wages at Termination – Waiting Time Penalties – (Cal. Lab. Code §§ 201 - 203))**

107.    Plaintiff re-alleges and incorporates by reference each and every allegation stated above, as if fully set forth herein.

108.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves or resigns from his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to resign, in which case the employee is entitled to his or her wages at the time of resignation.

109.    Within the applicable statute of limitations, the employment of Plaintiff ended (i.e., was terminated by resignation or discharge). However, during the relevant time period, Defendants failed, without abatement, to pay all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

110.    Defendants' failure to pay Plaintiff his wages earned and unpaid at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

111.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

112.    Plaintiff is entitled to recover from Defendants his additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

113.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff is also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.      For general and special damages according to proof;

2.      For pre-judgment interest as permitted by law;

3.      For all penalties permitted under the California Government Code, including but not limited to Sections 12900 et seq., 12940 et seq., 12941 et seq., and California Labor Code section 132a, 218.5, 218.6, 1102.5, and 1194, and California Business and Professions Code section 17200 et seq.

4.      For statutory damages as allowed by law;

5.      For exemplary and punitive damages;

6.      For attorneys' fees under at least the following statutes: California Government Code, including but not limited to Sections 12900 et seq., 12940 et seq., 12941 et seq., and California Labor Code section 132a, 218.5, 218.6, 1102.5, and 1194, California Business and Professions Code section 17200 et seq. and Code of Civil Procedure Section 1021.5;

7.      For the costs of the suit herein; and

8.      For such other and further relief as this Court may deem just and proper.

DATED: October 28, 2023                    **SORRENTINO & ASSOCIATES PC**

Vincent P. Sorrentino
Attorney for Plaintiff,
William White

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiff demands a trial by jury as to all causes of action triable by jury.

3

4 DATED:  October 28, 2023        **SORRENTINO & ASSOCIATES PC**

5

6

7                         Vincent P. Sorrentino

                        Attorney for Plaintiff,

8                         William White.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

October 24, 2023

William White

,

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202310-22426524
Right to Sue: White / GEICO

Dear William White:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective October 24, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | William White |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Government Employees Insurance Company |
|---|---|

WHITE VS GOVERNMENT EMPLOYEES INSURANCE COMPANY [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00048383-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Gregory W Pollack                                    Department: C-71

## COMPLAINT/PETITION FILED: 11/01/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/12/2024 | 01:30 pm | C-71 | Gregory W Pollack |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the hearing, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00048383-CU-WT-CTL       CASE TITLE: White vs Government Employees Insurance Company [IMAG

**NOTICE:** **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
>          **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
>          **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** *and*
>          **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case. .

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827<br>BRANCH NAME:  Central | **FOR COURT USE ONLY** |

| |
|---|
| PLAINTIFF(S):  William White |
| DEFENDANT(S):  Government Employees Insurance Company |
| SHORT TITLE:  WHITE VS GOVERNMENT EMPLOYEES INSURANCE COMPANY [IMAGED] |

| | |
|---|---|
| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00048383-CU-WT-CTL |

Judge: Gregory W Pollack                                           Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                 _____
Name of Plaintiff                                Name of Defendant

_____                 _____
Signature                                        Signature

_____                 _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                 _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  11/07/2023                               _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 332539<br>NAME: Vincent P. Sorrentino<br>FIRM NAME: Sorrentino & Associates PC<br>STREET ADDRESS: 402 W Broadway, Ste. 2600<br>CITY: San Diego    STATE: CA    ZIP CODE: 92101<br>TELEPHONE NO.: 619.356.0603    FAX NO.: 619.317.0539<br>E-MAIL ADDRESS: vpsorrentino@bettercallvinnypaul.com<br>ATTORNEY FOR (Name): William White | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego 92101<br>BRANCH NAME: Central |
| Plaintiff/Petitioner: William White |
| Defendant/Respondent: Government Employees Insurance Company |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2023-00048383-CU-WT-CTL |

TO *(insert name of party being served):* Government Employees Insurance Company _____

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 11 | 14 | 2023

Kenia Guirola
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*
   Notice of Case Assignment; Stipulation to Alternative Dispute Resolution Process SD; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

*(To be completed by recipient):*

Date this form is signed: ___December 12, 2023___

Patricia Arias Musitano, Sanchez & Amador LLP,
on behalf of Government Employees Insurance Company
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

privacy, please press the Clear This Form button after yo

| Print this form | Save this form | | Clear this form |
|---|---|---|---|



# PROOF OF SERVICE

**William White v. Government Employees Insurance Company**
**Case No. 37-2023-00048383-CU-WT-CTL**

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 800 S. Figueroa Street, 11th Floor, Los Angeles, CA 90017.

On December 12, 2023, I served true copies of the following document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT** on the interested parties in this action as follows:

Vincent P. Sorrentino
**SORRENTINO & ASSOCIATES PC**
402 W. Broadway, Suite 2600
San Diego, CA 92101
Telephone: (619) 356-0603
Facsimile: (619) 317-0539
vpsorrentino@bettercallvinnypaul.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Sanchez & Amador, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 12, 2023, at Los Angeles, California.

*Jasmine Saucedo*
Jasmine Saucedo

1 | Richard S. Amador (SBN 137417)
     amador@sanchez-amador.com
2 | Patricia Arias Musitano (SBN 197662)
     musitano@sanchez-amador.com
3 | Brittaney de la Torre (SBN 318150)
     delatorre@sanchez-amador.com
4 | SANCHEZ & AMADOR, LLP
     800 S. Figueroa Street, 11th Floor
5 | Los Angeles, California 90017
     (213) 955-7200 Tel
6 | (213) 955-7201 Fax

7 | Attorneys for Defendant Government Employees
     Insurance Company
8 |

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF SAN DIEGO

11 |

| | |
|---|---|
| 12 | WILLIAM WHITE, | Case No. 37-2023-00048383-CU-WT-CTL |
| 13 |      Plaintiff, | Assigned for All Purposes to: |
| 14 |     v. | Hon. Gregory W. Pollack, Dept. C-71 |
| 15 | GOVERNMENT EMPLOYEES | **DEFENDANT GOVERNMENT** |
| 16 | INSURANCE COMPANY, a MARYLAND CORPORATION; and DOES 1 through 10, | **EMPLOYEES INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| 17 | inclusive, | |
| 18 |     Defendant. | Action Filed:    November 1, 2023 |
| 19 | | Trial Date:    None |

20 |

21 |     Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

22 | Government Employees Insurance Company ("Defendant") answers the unverified Complaint of

23 | Plaintiff WILLIAM WHITE ("Plaintiff"). Defendant denies, both generally and specifically, each

24 | and every allegation of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

25 |     Defendant alleges the following separate affirmative defenses:

26 |

27 |

28 |

**FIRST AFFIRMATIVE DEFENSE**

**(Legitimate Non-Discriminatory Reasons)**

Defendant alleges, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to it in the Complaint, that any acts, conduct or statements by it or anyone acting on its behalf were justified, in good faith, and for legitimate, non-discriminatory, non-harassing, non-retaliatory reasons that were wholly unrelated to Plaintiff's disability, other protected characteristics, or purported complaints of discrimination, harassment, retaliation or unlawful conduct.

**SECOND AFFIRMATIVE DEFENSE**

**(Exclusive Remedy of Workers' Compensation)**

Plaintiff's claims are preempted and barred by the exclusive remedies of the California Workers' Compensation Act inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Not a Qualified Individual)**

Plaintiff was, based on information and belief, unable to perform the essential duties of the position in question even with reasonable accommodation and, further, could not perform those duties in a manner that would not have endangered his health or safety or the health and safety of others, even with reasonable accommodation.

**FOURTH AFFIRMATIVE DEFENSE**

**(Provision of Reasonable Accommodations)**

Plaintiff's claims are barred, in whole or in part, because Defendant engaged in the interactive process with Plaintiff and provided him with reasonable accommodation in satisfaction of any legal obligation under the California Fair Employment and Housing Act.

FIFTH AFFIRMATIVE DEFENSE

(Undue Hardship)

Any accommodation that would have allowed Plaintiff to perform the essential duties of the position in question, or to do so without endangering his health or safety or the health or safety of others, based on information and belief, would have produced undue hardship on Defendant's operation.

SIXTH AFFIRMATIVE DEFENSE

(Same Decision)

Defendant alleges, without admitting that it engaged in or made any of the acts, conduct, or statements attributed to them in the Complaint, if it is found that Defendant's actions were motivated by both discriminatory and nondiscriminatory reasons, the legitimate non-discriminatory reasons alone would have induced Defendant to make the same decisions regarding Plaintiff's employment.  See *Harris v. City of Santa Monica*, 56 Cal. 4th 203 (2013).

SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff has failed to mitigate his respective damages, if in fact he has any.  Accordingly, any damages otherwise awardable to Plaintiff should be reduced by the amounts by which he could have mitigated damages but did not do so.

EIGHTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

Plaintiff's claims are barred, in whole or in part, or in the alternative, Plaintiff's claims for relief, including economic damages, should be denied and/or limited pursuant to the doctrine of "after-acquired evidence" to the extent the doctrine applies in this case.

///
///

NINTH AFFIRMATIVE DEFENSE

(No Authorization or Ratification)

Any unlawful or wrongful acts, if any, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by it.  In addition, Defendant did not know nor should it have known of any such acts.

TENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

Plaintiff's claims are barred, in whole or in part, because of his unreasonable failure to avail himself of his employer's measures to prevent and correct any discrimination and retaliation, the use of which would have prevented the harm Plaintiff alleges that he suffered.

ELEVENTH AFFIRMATIVE DEFENSE

(Prompt and Appropriate Corrective Action)

Plaintiff's claims are barred, in whole or in part, because Defendant took prompt and appropriate corrective action in response to any complaints or stated concerns regarding the workplace made by Plaintiff, if there were any, thereby satisfying all legal obligations it had.

TWELFTH AFFIRMATIVE DEFENSE

(Consent-Acquiescence-Ratification)

Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the Complaint

THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

Plaintiff has failed to exhaust his administrative remedies as required by California law including, but not limited to, those prescribed by the California Fair Employment and Housing Act, California Government Code § 12900, et seq.

///

///

4

DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S ANSWER TO COMPLAINT

FOURTEENTH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

The Complaint fails to properly state a claim for attorneys' fees under California Code of Civil Procedure section 1021.5, or any other basis.

FIFTEENTH AFFIRMATIVE DEFENSE

(Wages Timely Paid)

Plaintiff's claims are barred from any recovery under the Labor Code because, at all times relevant to this action, Defendant properly paid Plaintiff all wages concededly and known to be due and owing within the time required by Labor Code Sections 201, 202, 203, and/or 204.

SIXTEENTH AFFIRMATIVE DEFENSE

(Labor Code Section 203 – Good Faith Dispute)

Plaintiff's claims are barred from any recovery under the Labor Code, at all times relevant to this action, there exists or existed a good faith factual and/or legal dispute that any wages are or were due to Plaintiff pursuant to Labor Code Sections 201, 202, 203, and/or 204.

SEVENTEENTH AFFIRMATIVE DEFENSE

(No Willful Violation)

Defendant did not willfully violate the California Government Code, California Labor Code, California Code of Regulations, California Business and Professions Code, and/or applicable Wage Orders, because any acts or omissions giving rise to this action were reasonable, undertaken in good faith, and were not undertaken with reckless disregard as to whether such actions or omissions violated the California Government Code, California Labor Code, California Code of Regulations, California Business and Professions Code, and/or applicable Wage Orders.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff, by his conduct, is estopped from pursuing his claims.

///

///

### NINETEENTH AFFIRMATIVE DEFENSE

(Compliance with the Law)

The actions taken by Defendant were in full compliance with the law.

### TWENTIETH AFFIRMATIVE DEFENSE

(Equitable Relief)

Plaintiff is not entitled to equitable relief inasmuch as he has adequate remedies at law.

### <u>PRAYER</u>

WHEREFORE, Defendant prays that:

1.   The Complaint be dismissed, with prejudice and in its entirety;

2.   Plaintiff take nothing by reason of this Complaint;

3.   Judgment be entered against Plaintiff and in favor of Defendant;

4.   Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

5.   Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  December 18, 2023                SANCHEZ & AMADOR, LLP

                                                                Richard S. Amador
                                                                Patricia Arias Musitano
                                                                Brittaney de la Torre
                                                                Attorneys for Defendant Government Employees
                                                                Insurance Company

## PROOF OF SERVICE

**William White v. Government Employees Insurance Company**
**Case No. 37-2023-00048383-CU-WT-CTL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 800 S. Figueroa Street, 11th Floor, Los Angeles, CA 90017.

On December 18, 2023, I served true copies of the following document(s) described as **DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Vincent P. Sorrentino
Richard Mandel
**SORRENTINO & ASSOCIATES PC**
402 W. Broadway, Suite 2600
San Diego, CA 92101
Telephone: (619) 356-0603
Facsimile: (619) 317-0539
vpsorrentino@bettercallvinnypaul.com
rbmandel@bettercallvinnypaul.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address saucedo@sanchez-amador.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 18, 2023, at Los Angeles, California.


*Jasmine Saucedo*
Jasmine Saucedo

DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S ANSWER TO COMPLAINT