Richard S. Amador (SBN 137417)
  amador@sanchez-amador.com
Patricia Arias Musitano (SBN 197662)
  musitano@sanchez-amador.com
Brittaney D. de la Torre (SBN 318150)
  delatorre@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant Government
Employees Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM WHITE, an individual, | Case No. |
|---|---|
| Plaintiff, | |
| v. | **DECLARATION OF CHRISTINE L. CEDAR IN SUPPORT OF DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland Corporation; and DOES 1 through 10, inclusive, | |
| Defendant. | [San Diego County Superior Court Case No. 37-2023-00048383-CU-WT-CTL] |

I, Christine L. Cedar, declare as follows:

1. I am currently employed as a Senior Director – Employment Law Group for Government Employees Insurance Company ("GEICO"). I have personal knowledge of the facts stated in this declaration and could and would testify competently thereto if called as a witness. I have held the position of Senior Director – Employment Law Group with GEICO since June 2023.

2. GEICO is a corporation incorporated in Nebraska, with its principal office at 1314 Douglas Street, Suite 1400, Omaha, Nebraska, 68102.  GEICO's

5469507.4                                      1

1  corporate headquarters is located at 5260 Western Ave., Chevy Chase, Maryland,
2  20815.
3       3.     On November 20, 2023, CT Corporation System, GEICO's agent for
4  service of process received a Notice of Acknowledgement of Receipt, Summons,
5  Complaint, Notice of Case Management Conference, and related case documents by
6  certified mail. A true and correct copy of the notification setting forth the date of
7  receipt is attached hereto as **Exhibit 2**.
8       4.     In the regular course of performing my duties I have access to, rely
9  upon, and am readily familiar with GEICO's databases housing personnel records
10 and information. GEICO maintains and relies on these records in the regular course
11 of business.
12      5.     As a regular business practice, GEICO employees, including those in
13 the legal department and human resources professionals, upload documents
14 concerning an employee to these databases shortly after receiving or preparing them,
15 including documents executed during the hiring, onboarding, and separation
16 process. I have found the records in these databases to be an accurate and reliable
17 source of information about GEICO employees, and customarily rely on the
18 accuracy of such records in the course and scope of performing my duties.
19      6.     In the ordinary course of my duties, I can retrieve the personnel records
20 for Plaintiff William White ("Plaintiff") as contained in GEICO's personnel
21 electronic database, "WorkDay," and have done so to prepare this declaration. I
22 have reviewed Plaintiff's job application from his personnel file records.
23      7.     According to GEICO's personnel records, Plaintiff submitted a job
24 application in 2001, and represented therein that he is a U.S. Citizen and moved to
25 San Diego, California from Michigan in 1997. Attached hereto and incorporated
26 herein by reference as **Exhibit 3** is a true and correct copy of Plaintiff's job
27 application (with redactions for privacy).
28 ///

5469507.4

2

DECLARATION OF CHRISTINE L. CEDAR IN SUPPORT OF DEFENDANT GOVERNMENT EMPLOYEES
INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION

1      8. According to GEICO's personnel records, Plaintiff was a full-time
2  employee, and earned a final hourly rate of pay of $34.42. At Plaintiff's hourly rate
3  of $34.42, Plaintiff should earn approximately $71,594 annually and $5,966 a
4  month. Based on these earnings, Plaintiff would have earned approximately $62,570
5  from the date of his separation to the date of removal without interest.
6      9. According to GEICO's personnel records, Plaintiff sent GEICO a hand-
7  signed demand letter dated February 15, 2023. Attached hereto and incorporated
8  herein by reference as **Exhibit 4** is a true and correct copy of Plaintiff's demand
9  letter, in the form it appears in GEICO's records (with redactions for medical
10 privacy). In his letter, Plaintiff describes his claimed lost damages as based on "the
11 minimum amounts used to come up with the demand amount of $869,806.15,"
12 comprised of separately calculated amounts for lost wages, future lost wages, lost
13 retirement contributions, future lost retirement contributions, and other economic
14 damages. He also states that "these numbers do not include merit raises…" In his
15 letter, Plaintiff also states that he planned to remain employed with GEICO for nine
16 more years until his planned retirement, and was "forced to retire early." Based on
17 approximate annual earnings of $71,594, nine years of lost wages totals $644,346,
18 without interest.
19     10. In the demand letter, Plaintiff listed his address in Ramona, California,
20 which matches Plaintiff's last address of record with GEICO.
21     11. On or around July 20, 2023, Plaintiff's counsel of record, Vincent P.
22 Sorrentino, using his email address of record in this action,
23 vpsorrentino@bettercallvinnypaul.com, emailed a "Demand for Settlement" letter to
24 GEICO on Plaintiff's behalf. The letter was addressed to my colleague, Samantha E.
25 Jacobson, Counsel II, and I received it by forwarding email from her. Ms. Jacobson
26 received the letter via email from Mr. Sorrentino with an attached letter setting forth
27 the amount of alleged damages Plaintiff seeks to recover. As a regular business
28 practice the email was saved in GEICO's legal database as part of Plaintiff's file.

5469507.4

3

DECLARATION OF CHRISTINE L. CEDAR IN SUPPORT OF DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION

Attached hereto and incorporated herein by reference as **Exhibit 5** is a true and correct copy of counsel for Plaintiff's demand letter dated July 20, 2023, without exhibits (with redactions for privacy). In his letter, Mr. Sorrentino asserts that Plaintiff "suffered economic damages in the amount of $800,000" comprised of separately calculated amounts for lost wages, future lost wages, lost retirement contributions, future lost retirement benefits, and other economic damages based upon an approximate yearly earnings of $69,388.80. He also claims Plaintiff "will have an increased cost of health insurance by over $1,200 a month." Additionally, Mr. Sorrentino states Plaintiff has suffered emotional distress, and was "forced" into early retirement. Accordingly, Mr. Sorrentino made a settlement demand of "$1,500,000" on Plaintiff's behalf.

12. On December 14, 2023, I caused a People Map Westlaw public records report to be run to confirm Plaintiff's current address. I have reviewed the report which lists the last known address for Plaintiff known to Trans Union credit reporting agency as of November 30, 2023, as the same Ramona, California address listed in GEICO's personnel records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed December 19, 2023, at Chevy Chase, Maryland.

Christine L. Cedar
Senior Director
Employment Law Group
Government Employees Insurance Company